ALBERTHA MILES
v.
SHANE CROCHET AND STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 2007 CA 0468.
Court of Appeals of Louisiana, First Circuit.
November 2, 2007.
NOT DESIGNATED FOR PUBLICATION.
LINDSEY J. SCOTT, DERRICK JONES, Counsel for Plaintiff/Appellant, Albertha Miles.
SANDRA S. RESTER, Counsel for Defendant/Appellee, State Farm Mutual Automobile, Insurance Company.
Before GAIDRY, McDONALD, and McCLENDON, JJ.
McCLENDON, J.
In this suit for damages alleging a motor vehicle accident, plaintiff, Albertha Miles, appeals a judgment in favor of defendant, Shane Crochet, and his insurer, State Farm Mutual Automobile Insurance Company. We affirm.
At trial, Ms. Miles asserted that Mr. Crochet's vehicle hit her vehicle while he was backing up. Ms. Miles also testified that Mr. Crochet immediately stopped his vehicle after the alleged accident and got out. She further testified that she told the police officer who came to the scene that she did not know if she was injured. Mr. Crochet testified that the vehicles were not touching when he got out, he felt no impact, and he did not believe that he had hit her vehicle.
The police officer testified that no one at the scene reported being injured. Although no one disputed in the record that the vehicles remained in the same position after the incident, the police officer, based on the physical evidence at the scene, could not say who was telling the truth concerning whether Mr. Crochet hit Ms. Miles' vehicle. In response to a question about Ms. Miles' claim that she had three passengers who remained in her vehicle after the incident, the officer stated that he did not see any passengers. The officer testified that in a case with passengers, he "would have taken the passengers' names . . . ."
Noting in particular that the police officer must not have found the vehicles touching or he would have been able to determine whether Mr. Crochet had hit Ms. Miles' vehicle, the trial court found no liability on the part of Mr. Crochet. A judgment dismissing plaintiffs suit with prejudice was signed on August 28, 2006.
After a thorough review of the record, we cannot say that the trial court was clearly wrong in its credibility determinations. In the absence of contrary documentary or objective evidence, a factfinder's reasonable "decision to credit the testimony of one of two or more witnesses . . . can virtually never be manifestly erroneous or clearly wrong." Rosell v. ESCO, 549 So.2d 840, 844-45 (La.1989).
For these reasons, by memorandum opinion issued in compliance with URCA Rule 2-16.1B, we affirm the judgment. The costs of the appeal are assessed to plaintiff-appellant, Albertha Miles.
AFFIRMED.